<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4056**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

KEITH PAUL,

              Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.   David A. Faber, Senior District Judge.   (2:07-cr-00044-2)

Submitted:  September 30, 2009        Decided:  October 16, 2009

Before WILKINSON, NIEMEYER, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Nicholas S. Preservati, PRESERVATI LAW OFFICES, PLLC, Charleston, West Virginia, for Appellant.   Charles T. Miller, United States Attorney, Monica L. Dillon, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Keith Paul pled guilty to possession of chemicals used in the manufacture of methamphetamine and aiding and abetting the same, in violation of 21 U.S.C. § 841(c)(2) (2006), 18 U.S.C. § 2 (2006). The district court sentenced Paul to sixty months in prison. Paul timely appealed.

Paul contends on appeal that the district court improperly enhanced his offense level by six levels under U.S. Sentencing Guidelines Manual § 2D1.1(b)(10)(D) (2008). Appellate courts review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, __, 128 S. Ct. 586, 591, 597 (2007); United States v. Evans, 526 F.3d 155, 161 (4th Cir.), cert. denied, 129 S. Ct. 476 (2008). District courts are obliged to make factual determinations ultimately supporting the calculation of a defendant's advisory guidelines range by a preponderance of the evidence. United States v. Jeffers, 570 F.3d 557, 570 (4th Cir. 2009). A district court's factual determinations are reviewed for clear error and will be reversed only when the appellate court is "left with the definite and firm conviction that a mistake has been committed." United States v. Harvey, 532 F.3d 326, 336-37 (4th Cir. 2008) (internal quotation marks and citation omitted).

2

The federal sentencing guidelines require a six-level increase in offense level "if the offense (i) involved the manufacture of amphetamine or methamphetamine; and (ii) created a substantial risk of harm to the life of a minor or an incompetent." USSG § 2D1.1(b)(10)(D). "Offense" is defined as "the offense of conviction and all relevant conduct under USSG § 1B1.3 . . . , unless a different meaning is specified or is otherwise clear from the context." USSG § 1B1.1 cmt. n.1(H). Application Note 20(A) to § 2D1.1 provides several factors for a court to consider in determining whether a § 2D1.1(b)(10)(D) enhancement is warranted: (1) the quantity and manner of storage of chemicals or hazardous or toxic substances found at the laboratory; (2) the disposal method for the hazardous or toxic substances and the likelihood of their release into the environment; (3) the duration of the crime and extent of the manufacturing operation; and (4) the location of the laboratory and how many people it places at substantial risk of harm. USSG § 2D1.1 cmt. n.20(A).

Paul argues that the district court erred by applying the § 2D1.1(b)(10)(D) enhancement because there was no evidence of an operational methamphetamine laboratory and no evidence that his activities created a substantial risk of harm to the life of a minor. He relies on his expert who issued a report concluding that his review of the evidence did not indicate that

3

Paul was manufacturing methamphetamine at the residence at the time of his arrest and that, based on the chemicals and equipment found at the Beech Avenue residence, methamphetamine could not have been produced without additional materials.

However, Paul's former live-in girlfriend and the mother of two of his children testified that Paul repeatedly manufactured methamphetamine in the Beech Avenue residence in the presence of children and disposed of excess chemicals through a hole in the floor covered by a high chair. Her testimony corroborated information from a confidential witness. Further buttressing these claims, the officers who executed the search warrant and arrested Paul detected strong odors that, in their experience, were associated with the manufacture of methamphetamine. Two children were home at this time: a two-year-old and an infant. A search of the home also revealed chemicals and equipment consistent with the manufacture of methamphetamine in various locations around the residence, including in a room containing toys, children's clothing, and a twin bed. There was an open container of chemicals in that room.

"[M]any of the chemicals involved in the production of methamphetamine are toxic, inherently dangerous, and pose a serious risk to those who inhale them." United States v. Whited, 473 F.3d 295, 299 (6th Cir. 2007) (internal quotation

4

marks and citation omitted). Consequently, the officers who handled the evidence in this case used protective gear and, as required by federal regulations, relied on a hazardous waste team to dispose of the materials.

Despite Paul's challenges to the credibility of his former girlfriend, in light of the corroborating testimony of the officers, the chemicals and other physical evidence found in the residence, the danger posed by the chemicals used in the manufacture of methamphetamine, and the presence of the children in the residence, we find that the district court did not clearly err by applying the § 2D1.1(b)(10)(D) enhancement; accordingly, we conclude that Paul's sixty-month sentence is reasonable.

For these reasons, we affirm Paul's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5